**MASON v. INSURANCE RESEARCH SERVICE, Inc.**

No. 6665.

United States District Court
W. D. Missouri, W. D.
Feb. 13, 1953.

Popham, Thompson, Popham, Mandell & Trusty, Kansas City, Mo., for plaintiff.

Stubbs, McKenzie, Williams & Merrick, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This is an action for damages. The claim is that the defendant was negligent in connection with the issuance of a policy of insurance for Underwriters of Lloyds, London. There is no controversy but that the policy was issued effective from and after November 3, 1948, up to and including November 3, 1949, and no controversy as to the liability provided in said policy. It insured W. H. Mason, doing business as Yellow Cab Company, 216 West 7th Street, Okmulgee, Oklahoma. The policy bound the insurer in the sum of $5,000 to $10,000 public liability and $5,000 property damage. The specific insuring clause was substantially as follows:

"To Insure The Assured Named In This Policy Against:

\* \* \* Loss from the liability imposed by law upon the Assured for damages arising out of bodily injuries, \* \* \* accidentally suffered, or alleged to have been suffered, within the policy period by any person or persons, by reason of the ownership, maintenance or use \* \* \* of any of the automobiles described in the Schedule; \* \* \*."

It appeared, moreover, that while the policy was in force, namely, on December 1, 1948, an accident occurred with one of the automobiles covered by the policy and that

a claim was made against the assured in a considerable sum of money by two persons who claimed to have been injured by reason of the negligence of a driver employed by the plaintiff. The plaintiff testified that on December 3, 1948, following the accident he wrote a letter advising the defendant of the time and place of the accident and subsequently when suit was filed he said that he wrote the defendant, or caused a letter to be written to the defendant and mailed to the defendant copies of the papers served upon him. The plaintiff did this by reason of a sticker placed upon the policy by the defendant reading as follows:

"Address All Matters Regarding This Policy To Insurance Research Service, Inc.,
1006 Grand Ave.     Gr. 5332.
K. C. 6, Mo."

This was done notwithstanding an express provision of the policy which provided that:

"2. * * * The Assured shall give to Winning & Levey or Toplis & Harding, Inc., or their nominee immediate written notice of any accident covered hereby and shall also give like notice of claims for damages on account of such accidents. If any suit is brought against Assured to recover such damages, the Assured shall immediately deliver to said Winning & Levey or Toplis & Harding, Inc., or their nominee every summons or other process served upon him."

It is the contention of the plaintiff that he was deceived by the sticker containing the language as above set out and for that reason he immediately notified the defendant and sent it the papers served on him. The defendant denied, through its officers, having received such notice and papers. However, by letter dated December 8, 1948, the defendant wrote Winning & Levey, 519 California St., San Francisco, Calif. as follows:

"Gentlemen:
W. H. Mason, dba Yellow Cab Co.
Lloyd's Certificate LI–10684
Please advise us by return mail who has been assigned to handle the adjustment of claims on the above line. Your prompt reply will be very much appreciated.
"Yours very cordially,
D. B. Donnelly (L.S.)
D. B. Donnelly."

This letter was written on stationery of the defendant with the following heading:

"Insurance Research Service, Inc., World Markets for Insurance
Kansas City 6, Missouri, U. S. A.
Cable Address 'Inreser' "
Home Office–1006 Grand Ave.
Telephone Grand 5332

In the deposition of Robert E. Lawrie, the president of the defendant, taken on behalf of the defendant, the witness testified in answer to questions, as follows:

"Q. What, if anything, did you have to do with litigation arising under Lloyd's policies at that time? A. Well, we were instructed to forward all claim papers that came to us either to Winning & Levy's business, to them or to Toplis and Harding, or to Toplis and Harding's representatives.

"Q. Did you do that? A. To the best of my knowledge; however, claims weren't sent to us. If referrals would come in, say, by the phone, we would— on local business, we would refer them to the Toplis and Harding representative."

The above testimony was given on direct examination.

■ 1. It was not unreasonable for the plaintiff to have forwarded the papers pursuant to the language of the sticker appearing conspicuously on the policy. In such case, plaintiff was entitled to be advised by the defendant that the claim or papers should be sent elsewhere.

■■ 2. Moreover, it was undoubtedly contemplated by the insurer that papers, such as in this case, would be sent to the agent. Whether by reason of the sticker or otherwise and according to the testimony of Mr. Lawrie, the defendant was instructed to see that said papers thus sent would be placed in proper hands. The defendant did not do that. According to the preponderance of the testimony the papers were forwarded to the defendant. Such

was the testimony of plaintiff, and in support of his testimony he offered a carbon copy of a letter dated December 3, 1948, and five days thereafter a letter was sent out from the defendant's office which indicated that it had been advised of the claim. It is obvious, therefore, that the defendant failed to obey the instructions of its principal and that by reason of such failure the plaintiff was lulled into a position of false security until a default judgment had been rendered against him. This judgment was settled for approximately $4,500, and the money to pay such judgment was loaned the plaintiff by the insurer. In such loan the insurer claimed subrogation or the benefits of any recovery that the plaintiff might have against the defendant.

Upon these facts the plaintiff is entitled to a judgment in the amount of the settlement, $4450, together with costs taxed at $23.10, with interest at 6% from and after November 30, 1949.